## Commonwealth ex rel. Holland v. Rundle

*James Holland*, p.p., relator.

McKAY, J., (35th Judicial District, Specially Presiding), April 5, 1963.—In this matter, the above-named James Holland, relator, has filed a petition for a writ of habeas corpus.

The petition sets forth in substance that on or about January 27, 1959, relator was asleep in his bedroom when several policemen with drawn guns forced their way into his room and abused him, took him to the police station, forced him to stand in a "lineup" of

suspected persons where he was wrongly identified as a robber, subsequently held him incommunicado and finally by torture forced him to sign a confession to certain offenses of armed robbery.

If that was all that the petition contained, we would order a hearing forthwith and if any of the allegations set forth in the petition were sustained, we would order the relator's immediate release.

The petition, however, goes on to aver that on March 25, 1959, relator was called before the undersigned, specially assigned to the Court of Quarter Sessions of Allegheny County, where he was represented by an attorney in the employ of the Legal Aid Society, entered a plea of guilty to the indictments at the above number and term and was sentenced. He avers that the reason he plead guilty was that his mental condition resulting from the beatings he referred to was such that he would have plead guilty to anything.

If petitioner's mental condition was as described, the attorney who represented him would have detected it and we would have detected it, and he would not have been sentenced.

The petition discloses on its face that defendant entered pleas of guilty in open court when duly represented by counsel and was duly and legally sentenced.

Accordingly, the petition discloses that it has no merit.

### Order

Now, April 5, 1963, it is ordered that the petition for a writ of habeas corpus in the above-entitled matter be dismissed.